Luther H. KINARD, Sr., Appellant,

v.

AMERICAN EMPLOYERS INSURANCE COMPANY, Appellee.

No. 5292.

Court of Civil Appeals of Texas.

El Paso.

Dec. 3, 1958.

Rehearing Denied Dec. 24, 1958.

Guinn & Guinn, Norman Rosen, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, El Paso, for appellee.

FRASER, Justice.

This is an appeal from a judgment of the Forty-first District Court of El Paso County, Texas, in favor of the appellee and against the appellant. This action was brought under the Workmen's Compensation Act of Texas, with appellant being claimant therein. Upon conclusion of the

presentation of evidence by both appellant and appellee, the trial court granted appellee's motion for an instructed verdict and instructed the jury to return a verdict for the appellee.

Appellant bases his appeal on the action of the trial court in granting the motion for instructed verdict, and upon the several matters of an evidentiary nature.

Plaintiff's petition states as follows:

"On or about the 3rd day of July 1956, your Plaintiff was working within the course and scope of his employment for his employers in El Paso County, Texas. While performing his usual and customary duties for his said employer on said date, Plaintiff sustained accidental bodily injuries in that while working, the strain and heat involved in the course of his employment caused injury to his heart. As a result of the above occurrence, Appellant's heart, nervous system, and body as a whole, were seriously, painfully and permanently injured."

It is uncontradicted that plaintiff had begun his vacation several days before July 3rd. He testified that he had rested on Monday, July 2nd, and on July 3rd was in down-town El Paso paying some bills and going about certain business of his own and that of his church. It was not maintained that he was on any duty whatever for the employer. After having started home in his automobile, plaintiff felt or entertained the symptoms complained of, which symptoms recurred a couple of days later, on July 5th, in more severe form. It is clear that all of the evidence establishes without contradiction that plaintiff was not employed in any activity whatever for the employer on July 3rd, but was, by his own admission, attending to personal and church business. His vacation had apparently begun about June 30th. The trial court therefore had no choice but to instruct as he did, because the record does not disclose any evidence whatever that plaintiff was injured or suffered any accidental injury while working for the employer. Appellant's first point, therefore, is overruled.

Appellant's other points complain of evidentiary rulings by the trial court. We have examined all the evidence about which this controversy is concerned and find no error in the court's action. The evidence, had it all been admitted—and part of it was—would not have established any injury or accident, as alleged in plaintiff's petition. The nature and type of his work and the conditions under which he worked had no bearing, in view of the wording of plaintiff's petition, because he had been off of the job for some several days. The petition does not mention or allude to any injury prior to July 3rd, but bases the whole cause of action on what is termed "accidental injury" suffered "while working" for the employer on July 3rd. None of the evidence proffered or tendered bore on this point, or could have helped in any way, as it was all concerned with matters prior to the alleged date of injury. We must, therefore, overrule the remainder of appellant's points.

Finding no error in the action of the trial court, all of appellant's points are accordingly overruled and the action of the trial court affirmed.

ABBOTT, J., not sitting.